IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED

AUG 29 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-01088-ZLW

JAMES JOSEPH OWENS-EL,

    Applicant,

v.

WARDEN WILEY, and
U.S. PAROLE AND PROBATION CONGLOMERATE,

    Respondents.

## ORDER DENYING MOTION TO RECONSIDER

Applicant James Joseph Owens-El has filed *pro se* on August 15, 2005, a document titled "Applicant's Motion for New Trial and or Motion for Relief from Judgment." Mr. Owens-El asks the Court to reconsider and vacate the Court's Order and Judgment of Dismissal filed in this action on July 29, 2005. The Court must construe "Applicant's Motion for New Trial and or Motion for Relief from Judgment" liberally because Mr. Owens-El is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, "Applicant's Motion for New Trial and or Motion for Relief from Judgment" will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991).  A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b).  **See id.** at 1243.  "Applicant's Motion for New Trial and or Motion for Relief from Judgment," which Mr. Owens-El filed in this action more than ten days after the Court's July 29, 2005, Order and Judgment of Dismissal, will be considered pursuant to Fed. R. Civ. P. 60(b).  Relief under Rule 60(b) is appropriate only in extraordinary circumstances.  **See Massengale v. Oklahoma Bd. of Examiners in Optometry**, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant habeas corpus action without prejudice because Mr. Owens-El failed to allege clearly the specific claims for relief he is asserting and he failed to demonstrate that he has exhausted administrative remedies.  Mr. Owens-El argues in "Applicant's Motion for New Trial and or Motion for Relief from Judgment" that he did exhaust administrative remedies.  However, even if the Court assumed that Mr. Owens-El properly exhausted administrative remedies for his claims, it still is not clear what those claims are.

Upon consideration of "Applicant's Motion for New Trial and or Motion for Relief from Judgment" and the entire file, the Court finds that Mr. Owens-El fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action.  As a result, "Applicant's Motion for New Trial and or Motion for Relief from Judgment" will be denied.  Accordingly, it is

ORDERED that "Applicant's Motion for New Trial and or Motion for Relief from Judgment" filed on August 15, 2005, is denied.

DATED at Denver, Colorado, this **26** day of **August**, 2005.

BY THE COURT:

*[signature]*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01088-OES

James Joseph Owens-El
Reg. No. 00305-131
ADX-Florence
P.O. Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on __8/29/05__

GREGORY C. LANGHAM, CLERK

By: _____
              Deputy Clerk